IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02493-DME-MJW

MARCUS L. FREEMAN,

      Petitioner,

v.

BLAKE R. DAVIS, Warden,

      Respondent.

---

### RECOMMENDATIONS ON
### (1) PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 (Docket No. 6), and
### (2) APPLICANT'S "MOTION FOR DISCOVERY MATERIAL PURSUANT TO RULE 6(b) OF THE RULES THAT GOVERNS SECTION 2241 MOTION AND PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURES, RULE 26(a) UNDER TITLE 28 USC § 1651 ALL WRIT ACT AND TITLE 28 USC § 2243" (Docket No. 21)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


      This matter is before this court pursuant to an Order of Reference to United States Magistrate issued on January 27, 2010, by United States Circuit Judge David M. Ebel.  (Docket No. 17).

      The pro se petitioner, Marcus L. Freeman, is incarcerated in the United States Penitentiary in Florence Colorado.  He was convicted on August 21, 1996, in the United States District Court for the Northern District of Texas of conspiracy to distribute 50 grams or more of cocaine base and five kilograms or greater of cocaine in violation of 21 U.S.C. § 846 (Count 1) and opening and maintaining a place for manufacture, distribution, and use of cocaine base in violation of 21

U.S.C. § 856 (Count 28). He received a life sentence on Count 1 and a concurrent 240-month sentence on Count 28. Because he had two or more prior felony drug convictions, he qualified for the enhanced penalty provision of mandatory life imprisonment under 21 U.S.C. § 851(a)(1).

Now before the court for a report and recommendation is the petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "petition") (Docket No. 6) to which the respondent filed a response (Docket No. 25), and the petitioner filed a traverse (Docket No. 28). Also before the court is the petitioner's "Motion for Discovery Material Pursuant to Rule 6(b) of the Rules That Governs Section 2241 Motion and Pursuant to Federal Rules of Civil Procedures, Rule 26(a) under Title 28 USC § 1651 All Writ Act and Title 28 USC § 2243" (Docket No. 21) to which the respondent filed a response (Docket No. 23), and plaintiff filed a reply (Docket No. 24). The court has considered all of these motions papers as well as applicable Federal Rules of Civil Procedure and case law and the court's file. In addition, the court has construed the petition liberally because the petitioner is a pro se litigant. See Haines v. Kerner, 404 U.S. 519 (1972). The court now being fully informed makes the following findings, conclusions, and recommendations.

According to the petitioner, following his conviction and sentence, he filed an appeal in the Fifth Circuit Court of Appeals, United States v. Freeman, 164 F.3d 243 (5th Cir. 1999), and he has since filed several motions to attack his sentence. He is currently waiting for a ruling on a motion he filed on May 13, 2008, pursuant to 18 U.S.C. § 3582(c)(2). (Docket No. 6 at 2). In the instant petition, he asserts that information contained in his Presentence Report ("PSR") is incorrect. He

details trial testimony he claims was false or does not support the findings contained in the PSR.

Petitioner states that in May 2007, while incarcerated in Beaumont, Texas, he asked to meet with his case manager, Ms. Augustine, to review his inmate central file records in compliance with Bureau of Prisons ("BOP") Policy Program Statements 1351.05 and 5800.00. He claimed at that time that his due process rights had been violated because the district court used information in the PSR to sentence him to life and that sections/paragraphs were not accurate. He provided Ms. Augustine with a listing of documents in support of his claim that the information was untrue and inaccurate and pointed out several things that led to his sentence, including certain trial testimony. After Ms. Augustine's review of the purported errors, in June 2007 a letter was sent to the United States Probation Office ("USPO") in Fort Worth, Texas (Pet.'s Attach. 2). Petitioner also wrote several letters when the USPO did not respond in a timely manner. (Pet.'s Attach. 3). Eventually a response was received from a probation officer, and petitioner takes issue with several aspects of the response. While the probation officer stated there was only a typographical error, petitioner claims his exhibits prove more than just typographical errors.

Petitioner asserts that he "has shown through exhibit(s) that the sentence he received on December 3, 1996, was in fact a violation of his due process rights when the court used unreliable statements in the PSR that were untrue. The [BOP] is using that same information for the purpose of making decisions adverse to the [petitioner] that effect security, custody, and classification in the execution of

his sentence." (Docket No. 6 at 11). He seeks the following relief: "Amendments to the Pre-Sentence Report, Appointment of Counsel to advice [sic] me of my rights as to the due process rights violations regarding my sentence on count (1) and count (28) and a hearing in the United States District Court regarding the inaccuracies in the PSR so that I can get a fair sentencing hearing." (Docket No. 6 at 17).

In his "Motion for Discovery Material Pursuant to Rule 6(b) of the Rules That Governs Section 2241 Motion and Pursuant to Federal Rules of Civil Procedures, Rule 26(a) under Title 28 USC § 1651 All Writ Act and Title 28 USC § 2243" (Docket No. 21), petitioner asks the court for an evidentiary hearing on the purported inaccurate information in the PSR and to order the United States Attorneys Office, the USPO, and the FBI to produce the files of his criminal case so that his Constitutional rights can be established. He states in that motion that he

> has filed with this Court a motion pursuant to 28 USC § 2241, colorable claims showing that inaccuracies alleged in his [PSR] was used by the United States District Court Judge to impose the sentence of life imprisonment under count (1) of the indictment and 240 months under count (28) of the indictment filed in the United States District Court for the Northern District of Texas, Fort Worth Division, Criminal Case No. 96-CR-068-A(8).
>
> The [petitioner] has also shown that the United States Probation Officer used the inaccurate information to estimate the drug amount pursuant to USSG § 2D1.1 base offense level of the [petitioner] , and this information used was the result of perjury, false information provided by FBI agents and Fort Worth Police Officers.

(Docket No. 21 at 1).

Respondent opposes the motion for discovery and seeks denial of the petition.

This court agrees with the respondent that the petitioner has improperly filed this habeas petition in this court pursuant to 28 U.S.C. § 2241. To the extent the petition could be construed as a § 2241 petition, it should be denied.

"A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the petitioner is confined." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). "It is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Id. A § 2255 petition "attacks the legality of detention . . . and must be filed in the district that imposed the sentence." Id. "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in . . . § 2255." Johnson v. Taylor, 347 F.2d 365, 366 (10th Cir. 1965). "Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective." Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963).

Here, petitioner states under the "Nature of the Case" section that "[t]he nature of this case deals with institutional file records 'Inmate Central file Records' that are being used to make decision adverse to the [petitioner] that effect security, custody and classification in the execution of the sentence." (Docket No. 6 at 2). Nowhere in the petition, however, does the petitioner specify how his purportedly inaccurate PSR is "being used to make decision[s] adverse to [him] that effect security, custody and classification in the execution of the sentence." At the end of his Traverse, petitioner does state that "[t]he report is used by the [BOP] in preparing a classification study which determines the defendant's custody status

and treatment program. The BOP is using the false information in the PSR to classify the Applicant as a high-in for custody summary. . . ." (Docket No. 28 at 9).

Petitioner, however, "does not have a constitutional right to a certain custody classification," Jackson v. Revell, 2008 WL 1746971, *2 (D. Colo. Apr. 10, 2008), or generally to eligibility for rehabilitative programs in the federal system. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (no due process protections required for "prisoner classification and eligibility for rehabilitative programs in the federal system"). "The United States Supreme Court has held that inmates have 'no legitimate statutory or constitutional entitlement' to any particular custodial classification even if a new classification would cause that inmate to suffer a 'grievous loss.'" Jackson v. Revell, 2008 WL 1746971, *2 (quoting Moody, 429 U.S. at 88 n.9, James v. Reno, 39 F. Supp.2d 37, 40 (D.D.C. 1999) (citation omitted) (a federal inmate "has no liberty interest in his security classification")). See Braswell v. Gallegos, 82 Fed. Appx. 633, 636 (10th Cir. Dec. 2, 2003) (unpublished opinion) ("It is well established that prisoners do not have a due process liberty interest in their classification while incarcerated. . . . [P]rison security classifications are 'a necessary tool in the management and control of the penal and correctional institutions,' and as such, lie 'within the sound discretion of the responsible administrative agency.'"); Matlack v. Wiley, 2007 WL 4116017, *2 (D. Colo. Nov. 16, 2007) ("The Constitution itself does not provide a prison inmate with any liberty interest in his classification or placement because he is not entitled to any particular degree of liberty in prison."). See also Pastrana v. Nalley, 2007 WL 952061 (N.D.N.Y. Mar. 29, 2007) (BOP used information in a PSR not taken

into account by the sentencing court to determine the prisoner's custody classification which made him ineligible for a BOP 500-hour drug treatment program, which could result in a one-year reduction in his sentence. Even considering the possible error and the possibility that the prisoner could not obtain earlier release, the district court found no due process violation and dismissed the 2241 petition. Court found the prisoner had no liberty interest in the classification received at the institution or in his eligibility for the drug treatment program.); Murphy v. DeRosa, 2005 WL 2475704, *6-7 (D.N.J. Oct. 3, 2005) (Court dismissed § 2241 petition seeking "correction" of the PSR which was actually a challenge to the BOP's use of the PSR to determine the petitioner's custody classification, prison designation, and participation in prison programs.). Therefore, to the extent that the petition is one brought under § 2241, it should be denied.

Moreover, a reading of the petition as a whole shows that this action is a thinly-veiled collateral attack on the validity of the petitioner's sentence. The actual relief sought by the petitioner is telling. As noted above, petitioner seeks "[a]mendments to the Pre-Sentence Report, Appointment of Counsel to advice [sic] me of **my rights as to the due process rights violations regarding my sentence** on count (1) and count (28) **and a hearing in the United States District Court regarding the inaccuracies in the PSR <u>so that I can get a fair sentencing hearing</u>**." (Docket No. 6 at 17) (emphasis added). Petitioner cannot circumvent the procedural requirements of § 2255 motions by styling his habeas petition as filed under § 2241. Furthermore, petitioner has not established that § 2255 is an

inadequate or ineffective remedy so as to avail himself of § 2255's savings clause.

In addition, many courts have opined that the proper time to challenge the information contained in the PSR is at the sentencing stage.  See, e.g., Robinson v. Davis, 2009 WL 383094, *4 (N.D. Fla. Feb. 13, 2009) ("[P]etitioner cannot use this § 2241 proceeding to pursue amendment of his [PSR] or to require the USPO to investigate the matter.  The proper procedure for petitioner to challenge information in his [PSR] was to file an objection in the sentencing court.  Fed. R. Crim. P. 32(f)."); United States v. March, 733 F. Supp. 90, 94 (D. Kan. 1990).  Here, respondent claims that at his sentencing, the petitioner made objections to some of the information contained in his PSR.  Petitioner does not deny that claim, but he contends in his Traverse

> that the court never reviewed the objection filed to the PSR until after his erroneous factfinding. . . . The information used by the court that based the Applicant's sentence as to the Guidelines or the enhancement was erroneous factfinding, in violation of the Due Process Clause of both the Fifth and Fourteenth Amendment of the Constitution of the United States. . . .  When the district court reviewed the objections of the Applicant on Dec. 3, 1996, the court never proformed [sic] his duties as mandated by law under Federal Rule of Criminal Procedure, Rule 32, and 6A1.3(b) policy statement of the USSG.  And as shown, his finding was based on false information in the trial and the PSR.  After sustaining the objection as to paragraph 103 the court failed to proform [sic] his duties in accordance with § 1B1.3(a)(1)(B). . . .  The court never resolved any sentencing factors in accordance with the laws of this circuit or any other circuit. . . .  Nor did the court comply with the second mandate of Rule 32(c)(3)D) by attaching a copy of its writen [sic] report to the [PSR]. . . .

(Docket No. 28 at 4-5).  These arguments and the bulk of the rest made in the Traverse further support the court's finding that the petitioner is attacking the validity of the sentence rather its execution.

Also, the BOP is without authority to amend a PSR without directive from the sentencing court. <u>Robinson v. Davis</u>, 2009 WL 383094, *4 (N.D. Fla. Feb. 13, 2009); <u>Baisden v. Middlebrook</u>, 2008 WL 4525365, *3 (N.D. Fla. Oct. 2, 2008); <u>Cooper v. Bureau of Prisons</u>, 2006 WL 751341 (D.D.C. Mar. 23, 2006) (BOP had no authority to amend the PSR). A PSR "is a document of the sentencing court that can only be changed by the sentencing court itself." <u>Robinson</u>, 2009 WL 383094, *4.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 **(Docket No. 6)** be **denied and dismissed**. It is thus further

**RECOMMENDED** that the petitioner's "Motion for Discovery Material Pursuant to Rule 6(b) of the Rules That Governs Section 2241 Motion and Pursuant to Federal Rules of Civil Procedures, Rule 26(a) under Title 28 USC § 1651 All Writ Act and Title 28 USC § 2243" **(Docket No. 21)** be **denied**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the**

recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53

(1985), and also waives appellate review of both factual and legal questions.

<u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley</u>

<u>v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).


Date:  April 19, 2010                    s/ Michael J. Watanabe
       Denver, Colorado                 United States Magistrate Judge