IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02493-DME-MJW

MARCUS L. FREEMAN,

      Petitioner,

v.

BLAKE R. DAVIS, Warden,

      Respondent.

**ORDER ADOPTING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

      This matter is before the Court upon Magistrate Judge Watanabe's Recommendation of April 19, 2010 [Doc. No. 30]. Magistrate Judge Watanabe recommended (1) that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. No. 6] be denied and dismissed, and (2) that Petitioner's Motion for Discovery Material [Doc. No. 21] be denied. (Recommendation at 9.) Petitioner has filed a timely objection to the Recommendation [Doc. No. 32]. After reviewing the Magistrate Judge's Recommendation de novo, see Fed. R. Civ. P. 72(b)(3), the Court adopts the Recommendation.

      In 1996, Petitioner was convicted in the United States District Court for the Northern District of Texas of conspiracy to distribute 50 grams or more of cocaine base and five kilograms or greater of cocaine, in violation of 21 U.S.C. § 846, and opening and maintaining a place for manufacture, distribution, and use of cocaine base, in violation of 21 U.S.C. § 856. He received a life sentence on the first charge, to run concurrently with a 240-month sentence on the second charge. The sentence was upheld on appeal. United States v. Freeman, 164 F.3d 243 (5th Cir.

1999). Petitioner has also filed at least one motion for post-conviction relief pursuant to 28 U.S.C. § 2255, which was denied. Freeman v. United States, No. CR. 496cr0068-A, 2001 WL 492401 (N.D. Tex. May 3, 2001).

In his current petition, Petitioner claims that errors in the presentence investigation report (PSR) led to his life sentence and have also caused the Bureau of Prisons to classify him as a high-risk inmate. (Application (Doc. No. 6) at 11.) Petitioner seeks relief pursuant to 28 U.S.C. § 2241. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity . . . . It is not an additional, alternative, or supplemental remedy to 28 U.S.C. § 2255." Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).

Despite labeling the action a § 2241 motion, the Court agrees with the Magistrate Judge that "this action is a thinly-veiled collateral attack on the validity of the petitioner's sentence." (Recommendation at 7.) Petitioner claims that his "due process rights" were violated "regarding [his] sentence" and seeks as relief "a fair sentencing hearing." (Application (Doc. No. 6) at 17.) However, "[a] challenge to the propriety of the federal conviction or sentence itself . . . must proceed under § 2255, not § 2241." United States v. Eccleston, 521 F.3d 1249, 1253 (10th Cir. 2008). Therefore, Petitioner's claims are improperly brought under § 2241 and must be denied.[1]

The Court hereby ADOPTS the Recommendation of the United States Magistrate Judge and orders that Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §

---

[1] Even if this Court were to construe the motion as one brought pursuant to 28 U.S.C. § 2255, Petitioner has previously filed a § 2255 motion and this Court could not entertain another § 2255 motion without certification by the court of appeals. See 28 U.S.C. § 2255(h); see also United States v. Harper, 545 F.3d 1230, 1232 (10th Cir. 2008) ("In order to file a second or . . . successive § 2255 motion, a petitioner must first move the court of appeals for an order authorizing the district court to hear the motion.").

2241 be DENIED. Petitioner's Motion for Discovery is also DENIED. Petitioner's action is thus DISMISSED with prejudice, and judgment shall be entered accordingly.

Dated this ___26th___ day of ___July___, 2010.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE