IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02493-DME-MJW

MARCUS L. FREEMAN,

       Petitioner,

v.

BLAKE R. DAVIS, Warden,

       Respondent.

**ORDER DENYING MOTION FOR RECONSIDERATION**

      This matter is before the Court on Petitioner Marcus Freeman's motion seeking reconsideration of this Court's order denying his motion to proceed on appeal in forma pauperis (Doc. 57). Because Freeman is proceeding pro se, this Court liberally construes his pleadings. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972). For the reasons given below, the Court DENIES Freeman's motion.

      28 U.S.C. § 1915(a)(2) requires a prisoner seeking leave to appeal in forma pauperis to provide the court with "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the . . . notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." A prisoner's failure to provide a certified copy of his trust fund account statement (or institutional equivalent) precludes a court from granting an in forma pauperis application. See Green v. Nottingham, 90 F.3d 415, 417 (10th Cir. 1996).

In his first motion for leave to proceed on appeal in forma pauperis (Doc. 43), Freeman failed to provide a certified copy of his inmate trust fund account statement. Accordingly, this Court ordered on August 4, 2010, that Freeman cure the deficiency by submitting the necessary financial information (Doc. 47). On August 5, 2010, Freeman filed a second motion (Doc. 49) and attached a copy of his trust fund account statement. Nevertheless, this Court entered an order denying the motion (Doc. 56) because the account statement was not certified by a prison official, rendering the motion deficient.

In his motion for reconsideration, Freeman argues that the institution where he is incarcerated—USP Florence—refuses to provide a certified copy of his trust fund account statement. The Court is not persuaded by this conclusory allegation. Freeman has provided no documentation or other evidence to support his claim of wrongdoing by prison officials. See Montana v. Hargett, 212 F. App'x 770, 773 (10th Cir. Jan. 12, 2007) (unpublished) (holding that dismissal of a prisoner's complaint for failure to comply with 28 U.S.C. § 1915(a)(2) was appropriate, in part because the plaintiff offered only "general and unsupported conclusory allegations" that prison officials refused to provide a certified copy of his inmate trust account statement); cf. Sutton v. Corr. Corp. of Am., No. 06-cv-01606-DME-KLM, 2008 WL 4755853, at *1 (D. Colo. Oct. 29, 2008) (unpublished) (granting a motion to reconsider an order denying the plaintiff's motion to proceed in forma pauperis on appeal where the plaintiff submitted a document labeled "Prisoner Information Request," in which a prison official stated, "We are unable to supply certified copies at this institution."). Moreover, the Court takes judicial notice of the fact that Freeman was able to receive properly certified copies of his trust fund account statement on two occasions in another matter currently pending before this Court. (See Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas

Corpus Action, Freeman v. Daniels, No. 10-cv-00480-DME-MJW (D. Colo. Mar. 26, 2010), Doc. 4; Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Habeas Corpus Action, Freeman v. Daniels, No. 10-cv-00480-DME-MJW (D. Colo. Sept. 23, 2010), Doc. 31.) This belies his claim that prison officials at USP Florence refuse to provide the proper form. See Montana, 212 F. App'x at 773 ("[T]he fact that on two prior occasions [Plaintiff] has been able to receive properly certified copies of his inmate trust account cuts against his claim that prison officials refuse to provide them."). Accordingly, nothing in Freeman's motion convinces the Court that Freeman's failure to comply with the requirements of 28 U.S.C. § 1915(a)(2) was justified.

For these reasons, Petitioner's Motion for Reconsideration is DENIED.

Dated this ___26th___ day of _____October_____, 2010.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE