IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02493-DME-MJW

MARCUS L. FREEMAN,

      Petitioner,

v.

BLAKE R. DAVIS, Warden,

      Respondent.

**ORDER GRANTING RECONSIDERATION**

On September 8, 2010, this Court denied Petitioner Marcus L. Freeman leave to appeal in forma pauperis (IFP) the dismissal of his 28 U.S.C. § 2241 habeas corpus application because of Freeman's failure to attach a certified copy of his inmate trust fund account statement to his IFP motion. (Doc. 56.) Freeman then filed a motion to reconsider, again failing to include a certified copy of his trust fund account statement. (Doc. 57.) This Court denied the motion. (Doc. 59.) Now before the Court is Freeman's motion to reconsider the denial of his first motion to reconsider. (Doc. 60.)

In light of Freeman's representation that he is now able to provide this Court with a certified copy of his inmate trust fund account statement, the Court will GRANT the motion and give Freeman one more opportunity to submit the proper documentation to this Court. Freeman is directed to file a new "Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Habeas

Corpus Action" within 10 days of the date of this Order.  Freeman must attach to this motion a certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of his notice of appeal with the Tenth Circuit Court of Appeals.  See 28 U.S.C. § 1915(a)(2).  If Freeman complies with this Order, the Court will consider whether Freeman is entitled to proceed IFP on appeal.

The Court notes that Freeman currently has an independent motion to proceed IFP on appeal pending in the Tenth Circuit.[1]  Consequently, Freeman should be aware that the Tenth Circuit may decide to rule on that pending motion and deem Freeman's new motion in this Court denied in order to move the appeals process forward.  See Boling-Bey v. U.S. Parole Comm'n, 559 F.3d 1149, 1155 n.8 (10th Cir. 2009) ("The district court must have the first opportunity to address the prisoner's motion to proceed on appeal [IFP].  Should the district court fail to promptly decide the motion, this court may be forced to deem it denied in order to avoid unwarranted delay.").  If that happens, this Court may be barred from providing any further relief on this IFP request.

Petitioner's Motion for Reconsideration (Doc. 60) is GRANTED.  Petitioner is ORDERED to file a properly completed "Prisoner's Motion and Affidavit for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 in a Habeas Corpus Action" within 10 days of the date of this Order.

---

[1] It appears that this motion was properly filed after this Court denied Freeman's original motion to proceed IFP on appeal.  See Fed. R. App. P. 24(a)(5) (authorizing a party to file a motion to proceed IFP on appeal in the court of appeals after the district court has denied such a motion).

3

Dated this   7th   day of    December   , 2010.

BY THE COURT:

*s/ David M. Ebel*

U. S. CIRCUIT COURT JUDGE